First case this afternoon is Thompson v. Skeffington. That's 4-0-9-0-7-6-2. For the appellant, we have Bruce Carr. For the appellee, Todd Bresney. Mr. Carr. Yes, Your Honor. As you mentioned, I'm Bruce Carr here on behalf of Larry Hess. He's the appellant. And the real issue here is just whether Mr. Hess obtained a valid enforceable statutory attorney's lien in the proceeds in this matter. I believe both the facts and the law say yes, that he did have a valid enforceable statutory attorney's lien in this matter. He actually filed this lawsuit, and as far as the facts go, it's undisputed that the court takes notice of the docket of the record, that on October 4, 2002, he filed his negligence claim and opened this lawsuit up on behalf of the plaintiff, Mr. Thompson. He then filed a product claim on May 3, 2002. And then Thompson hired the law firm? Yes. And wasn't your client's role in all of this as an employee of this law firm? Well, Your Honor, there's a fiduciary duty. He also had a contingency fee. He had a right to part of the fees that came in. He was going to get between 15 and 25 percent of the fee. That was between your client and the law firm? Yes. So he did have like a fiduciary... But the client hired the law firm? The client hired the law firm, which included Mr. Hess. Okay. And Mr. Hess's authority to appear and to act was only because he was an employee of the law firm? No, Your Honor. There's an independent obligation that my client had to the client, and also the client had an independent obligation to Mr. Hess. The fact that he was hired and assigned this case by a firm, a corporation, or an individual... So he has a right as an attorney for Mr. Thompson, irrespective of his relationship to the Kanowski law firm that hired him? Yes, Your Honor. He has an obligation to the state of Illinois. He has an obligation to the client. He has an obligation to that court. That relationship was never severed from the day he appeared for his client until after he filed the notice of lien in this matter. Counsel, this is the most absurd, ridiculous argument I think I've heard in 21 years in this court. I'm stunned that you're just making this. I don't understand what to make of it. Well, Your Honor, all the case law is clear that when Mr. Thompson hired the Kanowski law firm, including Mr. Kanowski, and all the associates that were in that firm were hired by the client and had an independent duty and obligation to that client... So Mr. Kanowski firing Mr. Hess, if that's how it worked, just doesn't get the job done? He still continues on? He still has... Exactly. Until the notice goes to the court, again under the case law, that... Is there any case that supports this proposition? Yes, Your Honor. Are these facts? Excuse me? On facts where someone is no longer working for a firm that was hired? Yes, Your Honor. We have the case, for example, where the original attorney had... the firm had dissolved, and the fact whether he's working for that firm at that time has no bearing on whether he had... This firm had dissolved? Excuse me? This firm involved here had dissolved? No, no. This firm had not dissolved and no one had died, but it just shows that that fact is not a relevant fact. Whether he was working... whether he was paid independently by a law firm doesn't mean he did not have a statutory lien claim in the proceeds against the defendants. His relationship to Mr. Kanowski does not affect his statutory lien against the defendants in this matter. So then, Your Honor, in other words, he had an attorney-client relationship, which is clear from all the case law. As soon as he appeared of record, that attorney-client relationship was never breached by either Mr. Hess or by the client, Mr. Thompson. There was no motion to withdraw, motion to substitute. There was no notice. In fact, as of... the case management order all includes Mr. Hess. The certificate of service all includes Mr. Hess. When Mr. Bland and Mr. Bresny appeared, they appeared as additional counsel of record. If he did not have an attorney-client relationship, then I don't know how you can establish an attorney-client relationship, which under the Supreme Court law is... Doesn't he have to have this relationship at the time that the lien notice is filed? Yes, he does. Well, how could he have since his license at that time was inactive? Because, Your Honor, that does not keep you from being an attorney at law. He was still licensed in Missouri. It would just have been a profoundly $100 fee or something to get back into Illinois. He simply said that he was still responsible for this matter because he had never filed a withdrawal. The court had never found that some other attorney had been substituted for him. So he had an obligation, an ongoing obligation to this client, even though his Illinois license was not active at the time I sent the notice. The law is clear. It doesn't say active attorneys at law. He was active at the time he did all the work. And the reason the statute is set up is to ensure that he gets compensated for the time he worked when he was licensed. He's not claiming any of the money for anything... for any work that he did not do. He's claiming a statutory lien based on the work he did when he was a licensed Illinois lawyer. And the fact that he sent notice at that time does not mean he was not an attorney at law or was not entitled to his statutory lien. So that the... So your argument is he was still representing... still acting as an attorney for the client at the time that the notice was filed. What we actually said was he was still responsible. I would say his... the fiduciary, the attorney-client privilege had never been breached. The attorney-client relationship had never been breached. Mr. Thompson did not discharge Mr. Hess. Mr. Hess did not withdraw from the case. Therefore, he was still responsible for his actions. Wasn't the case being prosecuted, if you will, through another attorney, though, with the law firm? Only after the wrongful discharge of Mr. Hess. Mr. Hess was the only one who was prosecuting this claim for the years as we set out in our brief. There was no other attorney working other than Mr. Hess for Mr. Thompson. And if the court were to allow a discharge by a firm of an attorney, can you imagine then all the disputes that we will have? Because the hiring firm, all they have to do is fire a partner or dissolve the firm, and then the statutory lien just disappears. Counsel, Rule 375 provides that an appeal or other action will be deemed frivolous where it is not reasonably well-grounded in fact and not warranted by existing law, a good-faith argument for the extension, modification, or reversal of existing law. Why shouldn't this court find that this is a frivolous appeal and impose sanctions upon you personally and your client? Because the Supreme Court has ruled in Philip Morris that facts similar, almost identical to the facts in this case, that the trial lawyers there had established an attorney's lien in that manner. The law is clear that under the statute, Mr. Hess has an attorney-at-law. It doesn't say accept those employed by a corporation. It doesn't say you have to be a partner. It doesn't say you can't be a part of a limited liability company. It says attorneys-at-law shall have a lien. He was an attorney-at-law when he performed all these services, and the law clearly says he shall have a lien. The people of the state of Illinois had no, like, separate attorney-client relationship with the trial lawyers other than through the AG, but yet the Supreme Court said that, yes, they had established an attorney-client relationship. What if the Kodowsky firm had multiple lawyers who at one time or another had appeared on behalf of Mr. Thompson? Would they all have the similar liens? No. If they served notice on the defendants, they would have an action against the defendants. There might be a breach of contract action by Kodowsky against all those lawyers, if they indeed breached some sort of a contract with Mr. Kodowsky while he was working for them. But if they filed notice of lien against the defendants, then there's only one-third would be put in escrow, and then those attorneys fight over that amount. Of course, any lawyer can file a notice of lien because it's against, as the Supreme Court held in Philip Morris, it's against the proceeds, it's against the defendants. The defendants are the ones that are liable to put that money up or to pay the attorney fees. It wouldn't matter if 100 attorney fees served the defendants saying, hey, we're working on this case, you have to respect our lien. So every lawyer working in the Kodowsky firm who might have had anything to do with this case could have similarly filed an attorney's lien? As long as they served notice on the defendants, the defendants knew they were working on the case. They could have filed an attorney's lien each time they appeared? No, you don't have to do it each time they appeared. They only would have to do it once to notify the defendant that they're claiming, like in our case, a third of the proceeds. The defendants would then have to honor only one attorney fee. They're not going to have to pay three or four different thirds. They're only going to pay the one attorney fee if they don't put it in escrow and let the court work it out to adjudicate the amount, the pro rata share and the amount that each attorney is supposed to get within that firm. And I'm assuming that the lower court would look then to see what share of the fee Kodowsky was supposed to get, what share of the fee the other lawyer was supposed to get, what share of the fee Bland was supposed to get. And if there was a dozen lawyers that filed notices of liens, as in this Philip Morris case where there were several, they call them trial counsel. Were they different lawyers in different firms? Excuse me, Your Honor? In the Philip Morris case, were they different lawyers in different firms? Yes, they were. And that makes no difference in this situation where your client was an employee of the Kodowsky firm? No, because it's an attorney at law. It might make a difference if Kodowsky had sued Larry Hess for... Is there any case anywhere in the jurisprudence of the Western world which holds for the proposition that you're arguing to this court? That is an attorney working in a firm who is appearing on behalf of that firm, has a personal lien? All the cases I'm aware of are all attorneys at law. Every single case we've cited was made by an attorney at law working at a firm either as a partner, either as an employee, as an associate. Mr. Hess was an associate in that firm. So I think every case that I've cited is for the proposition that an employee of a law firm, unless they're a sole practitioner, they are indeed an associate or a partner or an employee of a law firm. The Philip Morris case is very clear. It just simply says attorneys at law. It says that the statute requires that it be placed in the hands for upon which a suit or action is instituted. There could be no doubt that Larry Hess was an attorney at law. There can be no doubt that the case was placed into his hands and that he took action upon the suit and filed the suit and worked for it on the suit. Then if there's nothing in writing between that attorney and the client, if it's agreed to, then it's the agreed to amount. If there's nothing agreed to, then it's a reasonable fee. And then to enforce the lien, they serve notice on the defendants, which happened here. And then as soon as that notice is served, the lien attaches to all the proceeds at the time of the service. And the attorney is attached to the proceeds acting under the statute. It doesn't have anything to do with a breach of contract action. It has nothing to do with Panowski, an associate. It has everything to do with whether there's a statutory lien attached. The attorney's only interest, the Supreme Court said, is in the proceeds of the litigation or its settlement. By serving notice, claiming a lien, the attorney in effect becomes a joint claimant with his client and to the extent of the amount of his fee, has the same interest in such proceeds as his client and is entitled to his pro rata share thereof. That's a direct quote from the Philip Morris case. In other words, Mr. Hess became a joint claimant with Mr. Thompson. Whether Mr. Kanowski was also, whether there was another dozen people working in the Kanowski law firm that were joint claimants for that attorney fee would be a question for the court to adjudicate on remand. And then it clearly says that if the underlying defendant does not respect the liens, then the defendant becomes liable for the attorneys. The defendant got the notice of this lien. They had no right to disregard that and say, well, he's with a Kanowski firm and I'm going to pay Kanowski instead of Larry Hess. That's between Mr. Hess and Mr. Kanowski. The defendants had to listen to that statute and to the Supreme Court, which said they had to honor Mr. Hess's lien. And the lower court had no right to say there is no lien here when the Supreme Court of Illinois and the statute and the legislature says there is. Thank you. Thank you, counsel. Mr. Bresnik? Thank you. What did the trial court do with the Rule 137 request for sanctions? Your Honor, I saw that this morning and I can't remember if they denied it or if the judges deferred on any ruling on it. My memory isn't square one way or the other. If the trial court deferred, does that – It did not rule on it. I don't remember if there was that. If the trial court didn't rule on it, does that affect our jurisdiction? I don't think so. Why not? I believe that the appellate rule that Honor cited earlier applies here. And I'm not appealing the 137 sanction ruling, despite what counsel was arguing. My motion for sanctions was based on the appellate rule, that this is a frivolous appeal. So I am not appealing – Did you ask for sanctions at the trial level? I did. Well, if the court hasn't ruled, is this final order before us? Your Honor, the motion for sanctions that I filed was based on, I believe, the independent act of filing this appeal, not on what he tried to do in the trial court level. So I'm clear. I wasn't appealing the ruling of the 137 sanctions at the court level. I don't believe that there were sanctions at it, though. Well, the point is, is there a motion still pending at the trial court level, which would preclude this court from having jurisdiction? I don't believe there is, but I would have to check the record, Your Honor. If there is a motion for sanctions that was not ruled on, just accept that as a privilege. Does that affect our jurisdiction? Personally, I don't believe it does. I think the appellate rule confers upon your jurisdiction to make a ruling on sanctions for frivolous appeals. It's independently of what happened at the trial court level under Rule 137. You're seeking sanctions on appeal? Yes, Your Honor. How much? At this point, Judge, this is the reasonable attorney's fees to prepare for the hearing and respond to the brief and to appear at the hearing. I don't have much to say in rebuttal, and I'll stand on my brief for the majority of it, especially in light of the citation of the crab case that I've employed, which I believe is directly on the point. What I would like to say is that two issues, that the real-world application of what they are proposing, what this Attorney's Lien Act stands for, I think, Your Honor, is worth a hit on. And the fact that it kind of disregards contract law. It disregards Supreme Court Rule 721 of professional corporations engaging in the practice of law. It disregards the Rule of Professional Conduct 1.5, where contingency fees must be in writing. It disregards all of these things, employment contracts with associate counsels, and says that irrespective of all of that, if I'm an attorney that puts my hands on a file, I get an independent right of recovery for my work that I've done. And that is just untenable, and it's nonsensical, and it's not the law, and it never has been the law, and I doubt it will ever be the law. If I look at it in my role as a defense attorney, I bill an insurance company by the hour, but yet I'm representing the insured. Am I able to apply a lien to the insured for the work that I've done, despite the fact that I'm being compensated by the insurer on a reasonably hourly rate? That is the result that will come to if counsel's interpretation of this law is accepted and adopted by this court. I think it's untenable, and that's not what the statute calls for. The statute calls for your client placing it in your hands for litigation of their claim. This was never Larry Hess's client, although he may have had a valid attorney-client relationship due to his relationship with the firm. It was never his client, and I think that's what the record stands for. The second issue I have is counsel's continual assertion that only one-third would be put in escrow in this scenario. There is no case law, and there is no statutory language that says that attorney's fees are split up one-third, this magical one-third number. In fact, it says that they're entitled to their pro-rata share, and they have an additional equal claim as the plaintiff or the client does to the race or to the settlement funds. And so saying that this won't affect the plaintiff or saying that this will only affect the defendants is nonsensical again. It's not supported by any law, statutory or otherwise. At the end of the day, the Philip Morris case is on point for us in the term that the independent special counsel was an obligation of a bunch of lawyers who did have a valid contingency fee agreement with the state. They were hired, and they did inherit the contract, and they did place notice on the defendants while they were still employed as attorneys at record. That case is right on point for the fact that everything that we're saying is the opposite of what counsel is trying to assert here, saying that after he was terminated from employment and moved away, he didn't have any other relationship to this case or this client ever again for over a year, that the fact that he still has attorney-client relationship because Judge Weber didn't ask for a year or more than a year afterwards to the plaintiff in court, is he your lawyer today, is nonsensical. I met a final example. I met the father of a gentleman I swam against in high school the other day at a party, and he asked me if I was still swimming. And I said no. That doesn't mean that before I went to the party I had been swimming high school varsity swimming for 22 years. It doesn't make sense, and it's untenable, and that's why I'm asking for sanctions. And I'll stand on my brief for the rest. Thank you. Thank you, counsel. Rebuttal, please. Yes, Your Honor. Clearly they're confusing the issue. The issue is that Mr. Hess performed the services when he was working at Kanausky & Associates. The fact that he worked and was not paid by Kanausky & Associates does not mean he cannot get his compensation either directly from Mr. Thompson or directly from the defendants. That's exactly why the legislature enacted this statute. It clearly says attorneys at law. If this court interprets that statute to mean attorneys at law that are not employed by a law firm, then they're doing a destructive interpretation of that statute. The Illinois legislature wanted all attorneys at law to be able to get their fee, whether it was not paid by their employer, not paid by their partner, whoever violated the agreement so that the attorney was not getting paid. The legislature and the Supreme Court and Philip Morris made it clear that they want the attorney to be able to get those proceeds from the defendants. That it's up to the court, the lower court, to adjudicate the amount. If it's a reasonable fee, it's a reasonable fee. So there's obviously, if he swam varsity a long time ago and he didn't get paid for it, but someone else is liable for that money as well, then he can go against that other person. He doesn't have to go against the person that employed him to swim. In this case, the legislature has said, sure, there's contract law where he can collect against Kanowski and Associates, but there's a statutory lien when the defense counsel, when the defendant, whether it's an insurance company, a manufacturer, knows that the attorney is working on that file. Unless they honor that person's lien, they themselves will become responsible for paying that fee, whether Mr. Kanowski ever pays it or whether he pays it. The fact of the matter is that it's a statutory lien that has nothing to do with the contractual liens or the equitable liens that Mr. Hess or Mr. Kanowski might have had. It's very clear that yes, the attorney serving the notice becomes a joint claimant with Mr. Thompson. Therefore, Mr. Thompson has no dog, no fight in this. There's only one set of attorney fees that is going to be divided. He's going to have to pay that, whether it's to Mr. Kanowski or to Mr. Hess or some other number of attorneys that worked on the file. The fact is the statute is very clear and the Supreme Court is very clear that the attorneys at law have a statutory lien in addition to whatever contract rights they have against their employers. There is no behavior that in any way was sanctionable. Mr. Hess was simply following what the statute says to do. It says to serve notice on the defendants. That's what he did. When he checked with the attorney, he was still the attorney of record. That's clear that he was the attorney of record at the time he served the notice. In an attorney-client relationship, if they're trying to say that Mr. Thompson was not his client, that is absolutely absurd to say that. He was doing all the work. The corporation is not the attorney. Very clear. The law is clear. In fact, there was criminal penalties against corporations setting themselves out as if they were practicing law. You can understand why that would be against Illinois policy. It's an individual lawyer that represents an individual or a corporation. So I would ask your honors that you would reverse the lower court and remand this according to Philip Morris and the statute. Thank you. Thank you, counsel. The case is submitted. The court is in recess.